UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
DINA VARELA,

                         Plaintiff,

     -against-

LAND O'LAKES,

                        Defendant.
-----------------------------------------------------------------X

For Online Publication Only

**ORDER**
23-CV-8737 (JMA)(JMW)

FILED
CLERK
9:46 am, Dec 15, 2023
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

**AZRACK, United States District Judge:**

      Before the Court is the application to proceed in forma pauperis ("IFP") filed by Plaintiff Dina Varela, acting pro se, together with her complaint against Defendant Land O'Lakes. (ECF Nos. 1-2.) For the reasons that follow, the application to proceed IFP is DENIED WITHOUT PREJUDICE and with leave to renew upon filing, within fourteen (14) days, the AO 239 Long Form IFP application ("Long Form") attached to this Order. Alternatively, Plaintiff may remit the $402.00 filing fee.

      To qualify for IFP status, the Supreme Court has long held that "an affidavit is sufficient which states that one cannot because of his poverty pay or give security for the costs [inherent in litigation] and still be able to provide himself and dependents with the necessities of life." Adkins v. E.I. Du Pont De Nemours & Co., 335 U.S. 331, 339 (1948) (internal quotation marks omitted). The purpose of the statute permitting litigants to proceed IFP is to ensure that indigent persons have equal access to the judicial system. Davis v. NYC Dept. of Educ., 10-CV-3812, 2010 WL 3419671, at *1 (E.D.N.Y. August 27, 2010) (citing Gregory v. NYC Health & Hospitals Corp., 07-CV-1531, 2007 WL 1199010, at *1 (E.D.N.Y. Apr. 17, 2007)). The determination of whether an applicant qualifies for IFP status is within the discretion of the district court. DiGianni v. Pearson Educ., 10-CV-0206, 2010 WL 1741373, at *1 (E.D.N.Y. Apr. 30, 2010) (citing Choi v.

Chemical Bank, 939 F. Supp. 304, 308 (S.D.N.Y. 1996)). The court may dismiss a case brought by a plaintiff requesting to proceed IFP if the "allegation of poverty is untrue." 28 U.S.C. § 1915(e)(2)(A).

Plaintiff reports that her only income is from her employment at Helping Hands and that she receives weekly take-home wages in the sum of $648.00. (See ECF No. 2 ¶ 2.) Plaintiff reports that she has $2,500.00 in cash or in an account and that the only items owned of value are a car valued at approximately $40,000 and "partial owner[ship]" of a house valued at $500,000.00. (Id. ¶ 5.) As for expenses, Plaintiff reports that her regular monthly expenses include only electricity in the sum of $200.00, her daughter's university tuition in the sum of $2,000.00, and credit card bills that vary each month but are approximated at $3,000.00. (Id. ¶ 6.) Plaintiff has not included any expenses for items such as food, mortgage payments, insurance, transportation, or other utilities. Further, Plaintiff reports that she fully financially supports two children and has not included any additional debts or financial obligations. (Id. ¶¶ 7-8.)

Given that Plaintiff reports co-ownership of her house and has omitted regular monthly expenses associated therewith and for other essentials such as food, it appears that she is supported, at least in part, by another. Accordingly, the Court finds that Plaintiff can best provide her current financial situation on the Long Form. See Fridman v. City of N.Y., 195 F. Supp. 2d 534, 537 (S.D.N.Y. 2002) ("In assessing an application to proceed in forma pauperis, a court may consider the resources that the applicant has or can get from those who ordinarily provide the applicant with the necessities of life, such as from a spouse, parent, adult sibling or other next friend." (internal quotation marks omitted)).

Accordingly, the application to proceed IFP is denied without prejudice and with leave to renew on the Long Form. See id. ("If it appears that an applicant's access to court has not been

blocked by his financial condition; rather that he is merely in the position of having to weigh the financial constraints posed if he pursues his position against the merits of his case, then a court properly exercises its discretion to deny the application." (internal quotation marks and alterations omitted)); Piniero v. Comm'r of Soc. Sec., No. 23-CV-8226, 2023 WL 8461690, at *2 (E.D.N.Y. Nov. 27, 2023) (denying IFP motion with leave to renew on the Long Form).  Plaintiff is directed to complete and return the Long Form or to remit the $402.00 filing fee within fourteen (14) days of the date of this Order.  If Plaintiff does not timely comply with this Order, the Court may dismiss the complaint without prejudice for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore, should Plaintiff seek leave to appeal in forma pauperis, such status is denied for the purpose of any appeal.  See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

The Clerk of the Court is respectfully directed to mail a copy of this Order to Plaintiff at her address of record.

**SO ORDERED**.

|  |  |
|---|---|
| Dated: December 15, 2023<br>Central Islip, New York | /s/ (JMA)<br>JOAN M. AZRACK<br>UNITED STATES DISTRICT JUDGE |